U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOLORES WALCK,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **DOLORES WALCK**, by and through his undersigned counsel, hereby sue the Defendant, **ROYAL CARIBBEAN CRUISES, LTD**, and alleges as follows:

## PARTIES

1. Plaintiff, **DOLORES WALCK**, was and is a resident of and domiciled in the State of Pennsylvania, and resides in Tamaqua, Schuylkill County, Pennsylvania.

2. At all times material, Defendant, **ROYAL CARIBBEAN CRUISES, LTD** ("RCCL") was and is incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 1080 Caribbean Way, Miami, Florida 33132.

## JURISDICTION AND VENUE

3. Plaintiff brings her complaint under federal diversity jurisdiction pursuant to 28 USC §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the United States District Court for Southern District of Florida pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and

Defendant.

5. At all times material, Defendant, **ROYAL CARIBBEAN CRUISES, LTD** (hereinafter "Defendant") personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Maintained its principal place of business in Miami-Dade County, Florida;

   C. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   D. Operated vessels and provided vessels for cruises in the waters of this state;

   E. Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

   F. The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

7. On or about January 22, 2019[1], the Plaintiff, **DOLORES WALCK**, was lawfully and legally aboard the RCCL *Rhapsody of the Seas* as an invitee and paying passenger with the actual and/or constructive consent of Defendant, **ROYAL CARIBBEAN CRUISES, LTD**.

8. On or about January 22, 2019, the Defendant owned and operated a passenger cruise ship known as the *Rhapsody of the Seas*, such vessel being used as a passenger cruise vessel.

---

[1] By written agreement between the parties, the statute of limitation was extended to March 25, 2020.

9. On January 22, 2019, and at the time of the subject incident, Mrs. Walck was in the dining room, of the *Rhapsody of the Seas*, enjoying dinner with her husband.

10. During the dinner service a crewmember, a bartender, was spinning his drink/service tray on his fingertip, like Michael Jordan spinning a basketball, when the tray abruptly shot off his fingertip, forcibly striking Mrs. Walck on the side of her head and face.

11. Royal Caribbean employs this bartender and/or beverage server to serve alcoholic drinks in the dining room to guests such as Mrs. Walck. He is not hired as an entertainer or a performer. This bartender is not on the basketball court. He is not a crew member assigned to the theater nor is he in shows and/or performances regularly shown to passengers in the ship's theater and for other entertainment purposes throughout the ship. There is more than sufficient entertainment staff on all Royal Caribbean ships including the Rhapsody of the Seas. At no time does Royal Caribbean train it's bartenders to perform entertaining tricks as a part of their services to passengers such as Mrs. Walck.

12. Royal Caribbean's duty to its passengers, including Mrs. Walck, is "reasonable care under the circumstances." *Kermarec v. Compagnie General Transatlantique*, 358 U.S. 625 (1959)

13. The "circumstances" required of this employee, a bartender, is serving alcoholic beverages in the ship's dining room, which requires that he or she take drink orders, place the orders, serve the drinks to the guest(s), and to walkthrough and monitor the dining room for further beverage needs of the dining room passengers/guests. In no manner does reasonable care under the circumstances in the performance of one's duties as a professional and trained bartender include quixotically spinning drink trays for the secondary entertainment of passengers requiring alcoholic beverage service.

14. The bartender, as a crew member and employee of Royal Caribbean, is an agent of Royal Caribbean. Royal Caribbean is vicariously liable for the actual negligence and tortious conduct of its employee/crew member- the bartender.

15. To be vicariously liable for this bartender's active tortious conduct, Royal Caribbean does not have to have constructive notice of this risk causing condition; the active negligence of the bartender is apparent under the circumstances. The doctrine of Respondeat Superior addresses Royal Caribbean's negligence for this active conduct.

16. Mrs. Walck was not staring directly at the grand-standing bartender's performance while he was spinning his tray. Mrs. Walck was not even aware of his actions leading up to the incident and her subsequent injury. Therefore, to Mrs. Walck, the risk causing condition was not "open and obvious."

17. Royal Caribbean knows and certainly should have known that performing with objects, such as spinning drink trays, particularly within close proximity to passengers, can foreseeably, moreover predictably, cause injuries to passengers and creates a danger to passengers such as Mrs. Walck.

## COUNT 1 – NEGLIGENT

18. Plaintiff, **DOLORES WALCK**, realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 17 as though originally stated herein.

19. On January 22, 2019, while aboard the Royal Caribbean *Rhapsody of the Seas*, which was operating in navigable waters, the Plaintiff, **DOLORES WALCK**, was seriously injured when a crewmember's service tray abruptly shot off his finger, during a performance, striking Mrs. Walck's head and face.

20. As a result of this incident, Mrs. Walck has been diagnosed with post-traumatic stress disorder (PTSD), a concussion, and post-concussion syndrome as a direct result of being struck on the head by the drink tray. She has sustained traumatic brain injuries, and continues to suffer from pain and tenderness to her left temporal region, blurry vision, vestibular dysfunction in both ears, and a significant decline in her mental and cognitive function, experiences difficulty concentrating and focusing, frustration and irritability, lethargy, sadness and depression.

21. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD**., owed a duty to Plaintiff to exercise reasonable care under the circumstances.

22. Defendant, **ROYAL CARIBBEAN CRUISES, LTD**., breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

    A. Failing to exercise reasonable care for the safety of its passengers by failing to provide a safe public area; to wit, the dining room;

    B. Failing to adequately supervise the crewmembers including bartenders to perform their job responsibilities in a prudent and non-reckless manner;

    C. Failing to properly train the crewmembers including bartenders to safely and prudently perform their job responsibilities, to lessen or prevent and to avoid creating or heightening a risk of harm to passengers, including Plaintiff;

    D. Failing to maintain and enforce reasonable rules and regulations, regarding the crew members including bartenders to perform their job duties, particularly when they are within close proximity to passengers, in a safe and prudent manner;

    E. Creating a dangerous condition by observing and permitting crewmembers to perform with objects, such as a serving tray, within close proximity to passenger, including Plaintiff;

    F. Failing to remedy known dangerous conditions, and/or conditions that Defendant reasonably should have known were dangerous in its dining room;

    G. Failing to comply with its own internal policies and procedures and those of RCCL as established by the ISM Code, SMS, SQM and other internal

operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 *et. seq.*, 46 USC Section 3201 *et. seq.* and all Rules and Regulations, **ROYAL CARIBBEAN CRUISES, LTD.** including, but not limited to all relevant NVIC's of the United States Coast Guard, and IMO.

23. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **DOLORES WALCK**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **DOLORES WALCK**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD**., a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated this 24 of March, 2020.

>
> HOLZBERG LEGAL
> Offices at Pinecrest II, Suite 220
> 7685 S.W. 104th Street
> Miami, Florida 33156
> Telephone: (305) 668-6410
> Facsimile : (305) 667-6161
>
> BY:    */s/Glenn J. Holzberg*
>            GLENN J. HOLZBERG
>            Fla. Bar # 369551